UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO REBELLON LONDONO, Petitioner, v. MARKWAYNE MULLIN; TODD LYONS; PATRIC DIVVER; WARDEN, OTAY MESA DETENTION CENTER; and TODD BLANCHE, Respondents. | Case No.: 3:26-cv-4053-JES-SBC **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** **[ECF No. 1]** |

Before the Court is Petitioner Mario Rebellon Londono's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a return to the petition and Petitioner filed a response. ECF Nos. 4, 5.

Petitioner is a native of Colombia who came to the United States on March 24, 2022, near San Luis, Arizona. ECF No. 1 ¶ 13. He was detained upon entry, but was subsequently released on his own recognizance. *Id.* ¶ 14. After his admission to the United States, he alleges that he lived in the community peacefully, maintained a clean criminal record, married a U.S. citizen, and pursued immigration status through legal means. *Id.* ¶ 17. On June 23, 2026, Petitioner was stopped by military police at the Naval Air Station North

Island, and because he lacked documentation at that time, was transferred to ICE custody. *Id.* ¶ 17.

In their return, Respondents acknowledge that Petitioner had previously been released on conditional parole pursuant to 8 U.S.C. § 1226(a), and courts have routinely held that such petitioners are not mandatorily detained under 8 U.S.C. § 1225(b). ECF No. 4 at 1 (citing multiple cases so holding). As such, Respondents state that "this Court's prior decisions will control the result here if the Court adheres to its prior decisions, as the facts are not materially distinguishable for purposes of the Court's decision" and that they "defer to the Court as to the appropriate relief." *Id.* at 2.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously released by the government in March 2022. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Totskii v. LaRose*, No. 26-CV-1053-JES-JLB, 2026 WL 905331 (S.D. Cal. Apr. 2, 2026); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **July 27, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: July 21, 2026

Honorable James E. Simmons Jr.
United States District Judge